# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| WILLIAM ROBEY, | CASE NO. 2:23-cv-00280-LK |
| Plaintiff, | ORDER DENYING VOLUNTARY RECUSAL |
| v. | |
| SEATTLE MUNICIPAL CORPORATION et al., | |
| Defendants. | |

This matter comes before the Court on pro se Plaintiff William Robey's "Affidavit of Prejudice," Dkt. No. 13, which the Court construes as a motion for recusal. Having considered the motion and the remainder of the record, the undersigned judge declines to voluntarily recuse herself from this case.

Under the Local Civil Rules of this Court, whenever a motion to recuse is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "the challenged judge will review the motion papers and decide whether to recuse voluntarily." LCR 3(f). A judge is required to recuse herself "in any proceeding in which h[er] impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see*

*also id.* § 144. A judge's impartiality can reasonably be questioned where, for example, she has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id.* § 455(b)(1). If the challenged judge decides not to recuse, "he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." LCR 3(f).

Here, Mr. Robey appears to seek the recusal of the undersigned judge because she "has a personal bias or prejudice against the plaintiff in favor of the adverse party" and "violates the plaintiff[']s 14th Amendment right[.]" Dkt. No. 13 at 1. Mr. Robey states no facts or reasons for such a belief. *See* 28 U.S.C. § 144; *see also id.* § 455(b)(1). To the extent he moves for recusal due to the undersigned judge having previously dismissed his claims in a similar action, *see Robey v. City of Seattle*, No. 2:22-CV-00685-LK, 2022 WL 2703988, at *2 (W.D. Wash. July 12, 2022), this alone does not constitute grounds for recusal, *see, e.g.*, *Ndoromo v. Barr*, 486 F. Supp. 3d 388, 394 (D.D.C. 2020), *aff'd sub nom. Ndoromo v. Garland*, No. 20-5323, 2021 WL 2525717 (D.C. Cir. May 17, 2021).

Because there is no basis to find that the undersigned judge's impartiality "might reasonably be questioned" or to find that there is an appearance of bias in this case, and because none of the other conditions for recusal laid out in 28 U.S.C. § 455 are met, the undersigned judge declines to recuse herself from this case. The undersigned judge DIRECTS the Clerk to refer the Motion to Chief Judge Estudillo in accordance with Local Civil Rule 3(f).

Dated this 13th day of March, 2023.

*Lauren King*
Lauren King
United States District Judge