UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM ROBEY,<br><br>               Plaintiff,<br>   v.<br><br>SEATTLE MUNICIPAL CORPORATION et al.,<br><br>               Defendants. | CASE NO. 2:23-cv-00280-LK<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RECUSE |

This matter comes before the Court following referral by District Judge Lauren King (Dkt. No. 14) of Plaintiff William Robey's "Affidavit of Prejudice" (Dkt. No. 13) which the Court construes as a motion to recuse. For the reasons stated herein, the Court AFFIRMS Judge King's decision and DENIES Plaintiff's motion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On January 30, 2023, Plaintiff initiated this suit in the King County Superior Court. (Dkt. No. 1-1.) On February 28, 2023, Defendants removed this case to federal court. (Dkt. No. 1.) On March 10, 2023, Plaintiff filed an "Affidavit of Prejudice" alleging Judge King "has a

personal bias or prejudice against the plaintiff in favor of the adverse party." (Dkt. No. 13.) Plaintiff contends Judge King somehow violated Plaintiff's rights under the Fourteenth Amendment to the United States Constitution. (*Id.*) On March 14, 2023, Judge King declined to voluntarily recuse herself and referred the motion to the undersigned for review pursuant to Local Civil Rule 3(f). (Dkt. No. 14.)

## II. LEGAL STANDARD

When a motion to recuse filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455 is directed to a judge of this court, the challenged judge will review the motion and determine whether to recuse voluntarily. LCR 3(f). If the challenged judge declines to recuse voluntarily, they must direct the Clerk to refer the motion to the chief judge for review. *Id.*

A United States judge shall disqualify himself or herself in any proceeding in which their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Similarly, recusal is required when a party to a proceeding files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The standard for recusal under both statutes is the same— "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal quotation marks omitted).

## III. DISCUSSION

Plaintiff states no facts to support his contention that Judge King violated his Fourteenth Amendment rights. Plaintiff also fails to identify any facts supporting the contention that Judge King has a personal bias or prejudice against Plaintiff in favor of the defendants. Thus, there is no basis to conclude Judge King's recusal is necessary.

In her order declining to voluntarily recuse herself, Judge King notes she previously dismissed Plaintiff's claims in a similar action. (Dkt. No. 14 at 2.) To the extent Plaintiff seeks Judge King's recusal because she dismissed his claims in a similar action, this alone does not constitute grounds for recusal. "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

## IV. ORDER

Accordingly, the Court hereby AFFIRMS Judge King's refusal to recuse herself from this matter and DENIES Plaintiff's motion. (Dkt. No. 13.)

Dated this 21st day of March, 2023.

David G. Estudillo
United States District Judge