UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM ROBEY,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>SEATTLE MUNICIPAL CORPORATION et al.,<br><br>　　　　　　　Defendants. | CASE NO. 2:23-cv-00280-LK<br><br>ORDER GRANTING MOTION TO DISMISS IN PART |

　　　This matter comes before the Court on Defendant City of Seattle's Motion to Dismiss, seeking dismissal of Plaintiff William Robey's complaint with prejudice. Dkt. No. 15. Mr. Robey, who is proceeding pro se, claims that the Seattle Housing Authority's ("SHA") biennial home inspections violate the federal and Washington State constitutions as well as various laws and regulations. *See generally* Dkt. No. 2-1. Having considered the City's motion, Mr. Robey's response, and the remainder of the record, the Court GRANTS IN PART the motion and dismisses Mr. Robey's complaint without prejudice and with limited leave to amend.

## I. BACKGROUND

Mr. Robey initiated this action in King County Superior Court in January 2023, naming the City and more than 30 other individuals as Defendants. *Id.* at 2. Mr. Robey appears to allege, through a compilation of legal citations, that SHA's inspection of his subsidized public housing violates Article 1 of the Washington State Constitution, the Thirteenth Amendment of the United States Constitution, and several criminal statutes. *Id.* at 3–6. Mr. Robey seeks damages and injunctive relief. *Id.* at 2, 5, 9–10. In his state court filings, he included a May 10, 2022 Annual Inspection Appointment Letter noting an inspection scheduled for June 10, 2022, as well as a January 12, 2023 letter noting an inspection scheduled for February 13, 2023. *Id.* at 13–14.

On February 28, 2023, the City removed the case to federal district court pursuant to 28 U.S.C. § 1441(c). Dkt. No. 1 at 1–2. The City then moved to dismiss Mr. Robey's complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). Dkt. No. 15. Specifically, the City argues that Mr. Robey has failed to state a claim upon which relief may be granted because his complaint "is nonsensical, conclusory, rife with conspiracy theory, and lacks any factual averments," and because SHA and the City are "separate distinct legal entities, and the City is not liable for SHA's conduct." *Id.* at 6; *see also* Dkt. No. 23 at 2–4. The City further contends that the federal and state criminal statutes Mr. Robey cites do not provide a private right of action, and that he failed to properly serve the City with both the summons and complaint. Dkt. No. 15 at 8–10.

Mr. Robey filed his opposition to the City's motion on March 23, 2023. Dkt. No. 20. He avers, among other things, that he "has produced the court with violations by the above defendants working to place the plaintiff as a slave to an illegal corporation in violation of an involuntary servitude scheme devised to place the plaintiff(s) under slavery and maneuvers pursuant to 28 USC § 3002-15 a.b.c." *Id.* at 2. Mr. Robey also moved "to strike the defendants['] motion to dismiss for

failure to state a claim, and instead [o]rder a date and time for a federal hearing to arrange for [a] discovery hearing." *Id.* In addition, on March 31, 2023, he filed a "Notice of Emergency Appeal," Dkt. No. 21, and on June 2, 2023, the United States Court of Appeals for the Ninth Circuit dismissed Mr. Robey's appeal for lack of jurisdiction, Dkt. No. 25.

## II. DISCUSSION

### A. Mr. Robey Fails to State a Claim

As an initial matter, the Court notes that this is not Mr. Robey's first legal challenge to SHA's home inspections. On July 12, 2022, the Court dismissed with prejudice Mr. Robey's amended complaint alleging similar (but not identical) claims against the City and SHA. *See Robey v. City of Seattle*, No. 22-CV-00685-LK, 2022 WL 2703988, at *1 (W.D. Wash. July 12, 2022).[1] To the extent Mr. Robey's claims in this action are not barred under the doctrine of res judicata or claim preclusion, his complaint fails to state a claim upon which relief may be granted.

A plaintiff must plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Mr. Robey's pleadings demonstrate that he is not entitled to relief.

---

[1] On March 21, 2023, the Court denied Mr. Robey's request that the undersigned recuse herself from this case. Dkt. No. 19; *see* Dkt. Nos. 13–14.

Even construed liberally, Mr. Robey's complaint in this case is devoid of the factual enhancement necessary to state a claim. He fails to provide a coherent, non-conclusory factual background, support his miscellaneous legal citations with explanatory analysis, or develop his claims beyond bare assertions. *See* Fed. R. Civ. P. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint must contain factual content sufficient to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Nor has Mr. Robey specified which claims he is asserting against which Defendants. *See Twombly*, 550 U.S. at 555 (a complaint must give the defendant fair notice of the claim and the facts on which it rests). As the Court has previously cautioned, such "unadorned references are insufficient to state a claim for relief." *Robey*, 2022 WL 1801563, at *2 (citing *Custer v. United States Dep't of Treasury*, No. C18-669-RAJ, 2018 WL 5312202, at *1 (W.D. Wash. Oct. 26, 2018)). Moreover, Mr. Robey's claims pursuant to federal and state criminal law fail as a matter of law. *See* Dkt. No. 2-1 at 3–6. "These criminal provisions . . . provide no basis for civil liability." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam); *see also Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006).

**B.    Mr. Robey is Granted an Opportunity to Perfect Service**

With respect to the City's arguments regarding improper service pursuant to Rule 12(b)(5), the Court declines to grant the City's motion on this basis.

Following removal, incomplete or defective service "may be completed or new process issued in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448. "The Federal Rules of Civil Procedure govern service of process in federal court, . . . and apply to a civil action after removal[.]" *Whidbee v. Pierce Cnty.*, 857 F.3d 1019, 1023 (9th Cir. 2017) (citing Fed. R. Civ. P. 4, 81(c)(1)). The Ninth Circuit has directed that Rule 4 is flexible and should be construed liberally so long as sufficient notice of the complaint is provided. *Id.* (citing *Direct Mail*

*Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988)). And "[w]here it appears that effective service can be made and there is no unfair prejudice to the defendant, quashing service rather than dismissing the action, and leaving the plaintiff free to effect proper service, is the appropriate course." *Wick Towing, Inc. v. Northland*, No. C15-1864-JLR, 2016 WL 3461587, at *2 (W.D. Wash. June 21, 2016).

Accordingly, although the time period for Mr. Robey to serve Defendants under Rule 4(m) has expired, the Court quashes Mr. Robey's attempted service and, in light of the lack of prejudice demonstrated by the City, orders that service of the summons and any amended complaint occur no later than 21 days following this Order. *See, e.g.*, *Wills v. Pierce Cnty.*, No. C19-5851-BHS, 2020 WL 2526589, at *3 (W.D. Wash. May 18, 2020).

## C.  Mr. Robey is Granted Limited Leave to Amend

"A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (cleaned up). Although the Court is skeptical that "the allegation of other facts consistent with the challenged pleading could . . . possibly cure the deficienc[ies]" in this case, Mr. Robey will be permitted an opportunity to amend his complaint. *Sanchez v. Los Angeles Dep't of Transp.*, 39 F.4th 548, 562 (9th Cir. 2022) (cleaned up). However, for the reasons discussed herein, Mr. Robey is not granted leave to amend with respect to any criminal statutes.

The Court grants Mr. Robey 21 days to file and serve an amended complaint that satisfies the foregoing pleading standard and applicable rules, and corrects the deficiencies identified in this Order. If Mr. Robey fails to timely comply with this Order or fails to file an amended complaint that corrects the noted deficiencies and meets the required pleading standards, the Court will dismiss his complaint with prejudice.

### III.  CONCLUSION

The Court GRANTS IN PART the City's Motion to Dismiss, Dkt. No. 15. The Court DISMISSES Mr. Robey's complaint without prejudice and with limited leave to amend within 21 days of the date of this Order. The Court further ORDERS that service of the summons and any amended complaint occur no later than 21 days from the date of this Order.

Dated this 14th day of June, 2023.

Lauren King
United States District Judge